UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTONIO JOHNS #435901                                              CIVIL ACTION

VERSUS                                                             NO. 06-2328

MICHAEL HARRELL                                                    SECTION "A" (1)

## REPORT AND RECOMMENDATION

Plaintiff, Antonio Johns, is a state prisoner incarcerated at the Washington Correctional Institute, Angie, Louisiana. He filed this lawsuit, pursuant to 42 U.S.C. § 1983, against Michael Harrell. Plaintiff claims that false disciplinary charges have been instituted to coerce and harass him.

A telephone conference was held in this matter on June 22, 2006. At that conference, plaintiff made on the record an oral motion to voluntarily dismiss this civil action.[1]

Subject to exceptions not applicable in this case, the Federal Rules of Civil Procedure provide that, at any time before service by the adverse party of an answer or of a motion for summary judgment, a plaintiff has an absolute right to voluntarily dismiss his lawsuit. See

---

[1] The conference was recorded, and the Clerk of Court's Court Reporter Section has taken possession of the cassette tape.

Fed.R.Civ.P. 41(a); <u>Carter v. United States</u>, 547 F.2d 258, 259 (5th Cir. 1977).  In this lawsuit, defendant has filed neither an answer nor a motion for summary judgment.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's oral motion to voluntarily dismiss this civil action be **GRANTED** and that the complaint be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-second day of June, 2006.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**